| PETER VEGA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| VIVIAN T. MILLER, et al | : | NO. 11-7224 |

## MEMORANDUM OPINION

**Savage, J.**                                                         **December 27, 2012**

In this *pro se* civil rights action brought under 42 U.S.C. § 1983, the plaintiff, Peter Vega ("Vega"), a state prisoner serving a life sentence for first degree murder, asserts that the defendants deprived him of his constitutional rights under the First, Fifth, Sixth and Fourteenth Amendments by refusing to furnish him with copies of his trial court records and transcripts.[1]  He has named as defendants Vivian Miller ("Miller"), the Clerk of Quarter Sessions for the Philadelphia County Court of Common Pleas; Carolyn Friend ("Friend"), Miller's employee in the Prison Liaison Unit; and Seth Williams ("Williams"), the District Attorney.  Vega seeks injunctive and declaratory relief. He does not demand compensatory damages.

Defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state an actionable § 1983 claim.  They also assert prosecutorial and qualified immunity.

---

[1] Although Vega claims he was denied copies of his trial transcripts, the exhibits attached to the complaint demonstrate that he repeatedly requested only the bills of information or indictment, not the trial transcripts.

**Background**[2]

In 1987, after he was convicted of first degree murder and other charges, Vega was sentenced to life in prison on the murder and a consecutive twenty-seven to fifty-four years on the lesser charges. In 1989, he appealed to the Superior Court of Pennsylvania, which affirmed the convictions. *Commonwealth v. Vega*, 387 Pa. Super. 652 (1989) (table opinion). The Supreme Court of Pennsylvania denied allocatur. *Commonwealth v. Vega*, 522 Pa. 619 (1989).[3]

On August 15, 2008, twenty-one years after his conviction, Vega wrote a letter to Miller, requesting copies of the bills of indictment or information in his case. He was prepared to pay for the copy. The Clerk and her employee, Friend, did not ignore or refuse Vega's request. Correspondence over the course of the next two years shows that Vega's file had been stored in a warehouse and Miller's office attempted to locate and retrieve it.

On September 5, 2008, Miller[4] notified Vega that his file was transferred to a warehouse for storage and that the Prison Liaison Unit was "in the process of tracking" the file. On September 16, 2008, Vega wrote to the Office of the Clerk of Quarter Sessions, inquiring when he could expect the documents. On October 20, 2008, the

---

[2] Because the plaintiff is proceeding *pro se*, we shall construe his pleadings and responses to the motions deferentially, and afford him the benefit of any doubt that may exist. *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998) (citing *U.S. ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969)). At the same time, we may take judicial notice of matters of public record outside the pleadings, such as court proceedings. *Travis v. Miller*, 226 F. Supp. 2d 663, 664 n.2 (E.D. Pa. 2002).

[3] In early 2000, Vega filed a petition for relief under the Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. § 9541 *et seq.* (West 2012), on the grounds of new evidence. His petition was denied on November 7, 2000. He appealed the decision to the Pennsylvania Superior Court on November 20, 2000. The Superior Court affirmed the lower court's rulings on April 25, 2002. *Commonwealth v. Vega*, 803 A.2d 799 (Pa. Super. 2002). The Pennsylvania Supreme Court denied his appeal on October 3, 2002. *Commonwealth v. Vega*, 809 A.2d 903 (Pa. 2002).

[4] All but one of the letters are from "Prison Liaison Unit" of the Clerk of Quarter Sessions. Miller was the Clerk of Quarter Sessions during the relevant period.

2

Clerk's office sent Vega some documents, including the trial judge's notes and sentencing information. A day later, Vega wrote to Friend, complaining that those documents were not responsive to his request and repeating his request for a copy of the bill of indictment or information.

On November 9, 2008, Vega requested his court records from the Clerk of Courts. On November 26, 2008, Miller notified Vega that his file had been transferred to a warehouse for storage and the Prison Liaison Unit was still trying to locate it. On July 26, 2009, Vega wrote to Friend, advising her that he was still awaiting a response. On August 3, 2009, Miller advised him that his file had been re-ordered. On August 25, 2009, Vega wrote again to Friend, complaining that he still had not received the bills of information. On December 3, 2009, he wrote directly to Miller, again complaining that he received no response to his letter or his document request.

By letter dated February 18, 2010, Friend notified Vega that her office did not receive his file. She explained that his records were under Peter, Pedro and Edgardo Vega, and her office had re-ordered one file under Peter Vega. On the same day, Miller also advised Vega that there was a delay in processing his request due to the increasing number of requests. She assured him that the documents would be made available as soon as possible.

On June 23, 2010, Vega wrote a letter to District Attorney Williams requesting copies of all evidentiary records pertaining to his case under the Pennsylvania Right-to-Know Law. By letter dated July 12, 2010, Daren B. Waite, an Assistant District Attorney, denied Vega's request for the records pertaining to his case. On July 23,

2010, Vega filed an appeal from the denial of his request with the First Assistant District Attorney. He received no response.

On November 14, 2011, Vega filed this action. Although his letters to Miller and Friend only requested a copy of his indictment, he now seeks an order "directing delivery of all evidentiary trial court records and transcripts upon receipt of monies due." *Pl.'s Compl.* ¶ 14. Miller, Friend and Williams have moved to dismiss the complaint.

## Motion to Dismiss Standard

In examining motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), we accept the well-pleaded allegations in the complaint as true. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003), *cert. denied*, 541 U.S. 959 (2004). Additionally, we consider the *pro se* plaintiff's pleadings deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

A motion to dismiss for failure to state a claim "tests the legal sufficiency of plaintiff's claim." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006), *cert. denied*, 550 U.S. 903 (2007). Where a bar to relief is apparent from the face of the complaint, dismissal under Rule 12(b)(6) will be granted. *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994)). With these standards in mind, we accept as true the facts as they appear in Vega's complaint and draw all possible inferences from those facts in his favor.

## Analysis

Vega contends that the defendants violated his constitutional rights because they "denied [him] his right to know the nature and essence of his conviction in furtherance of

any future appeal" by withholding copies of trial records and transcripts from his criminal trial. Pl.'s Compl. ¶ 12. Although Vega only requested a copy of the charging documents in his letters, his complaint seeks an "order directing delivery of all evidentiary trial court records and transcripts." *Id.* ¶ 14.

During his criminal trial and appeals, Vega was represented by an attorney. Because he appealed, we presume a transcript of the trial was in his attorney's possession. He has not stated that he attempted to get any documents from his former defense counsel. Nonetheless, we shall consider whether the defendants were required to provide Vega with additional copies of the trial records and transcripts more than twenty-one years after his conviction, and after all appeals and post-conviction proceedings were exhausted years ago.[5]

To establish a claim under § 1983, a plaintiff must allege facts, which if proven, would establish: (1) the deprivation of a right secured by the Constitution or the laws of the United States; and (2) that the person depriving plaintiff of the right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citation omitted).

It appears that Vega asserts that he is entitled to a copy of the charging documents under the public trial guarantee of the Sixth Amendment and right of access

---

[5] In *Gay v. Watkins*, 579 F. Supp. 1019 (E.D. Pa. 1984), state officials provided an inmate's counsel with a transcript of his criminal trial for purposes of facilitating the inmate's appeal. After the court reporter refused to provide the indigent with a separate, personal copy of the transcript, the inmate instituted a § 1983 action against the reporter, claiming that such conduct violated his right of access to the courts. The court rejected this contention, observing that the "plaintiff had no constitutional right to a personal copy of the transcripts." *Id.* at 1021. Instead, the court held that the court reporter discharged the inmate's constitutional right to a transcript by providing a full set of accurate transcripts to the inmate's lawyer.

A request for a free trial transcript is not a matter of right unless an individual is pursuing a direct appeal of his criminal conviction. *See United States v. MacCollom*, 426 U.S. 317, 324-25 (1976). In *Oliver v. Zimmerman*, 720 F.2d 766, 770 (3d Cir. 1983), the Third Circuit held that there is no constitutional right to free transcripts to prepare post-trial motions. Thus, under these circumstances, Vega does not have a federally protected right to a free transcript.

to the courts under the First Amendment.  His request for the charging documents does not implicate the right to a public trial.  Accordingly, we shall only address his access to the courts claim.

Prisoners have a constitutional right of access to the courts under the First and Fourteenth Amendments.  *See Lewis v. Casey*, 518 U.S. 343, 346 (1996).  To make out an access to the courts cause of action, the plaintiff must allege sufficient facts showing that: (1) he suffered an actual injury; and (2) there is no other remedy that can compensate for the injury.  *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008); *Oliver v. Fauver*, 118 F.3d 175 (3d Cir. 1997) (holding that a prisoner could not support a claim for denial of court access stemming from interference with legal mail without producing evidence of actual injury to his access to the courts).  Actual injury is the loss of an opportunity to pursue a nonfrivolous or arguable claim.  *Monroe*, 536 F.3d at 205 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).  The plaintiff must set forth the underlying claim with such sufficient detail to demonstrate that it is not frivolous and more than a hopeful possibility.  *Harbury*, 536 U.S. at 416.  His complaint must also describe the remedy that has been lost.  In short, it must meet the requirements of Federal Rule of Civil Procedure 8(a).  Accordingly, it must state the predicate claim that has been lost or compromised, and describe the available remedy.  *Id*.

Here, "any future appeal" Vega intends to undertake could only be a collateral challenge to his state conviction.  The time for filing a direct appeal and a petition for post-conviction relief expired many years ago.  Vega had thirty days after he was sentenced, or thirty days from the discovery of after-discovered evidence, to file a direct appeal.  Pa. R. Crim. P. 720.  He unsuccessfully appealed his conviction.  His

subsequent petition under the Post Conviction Relief Act was denied on November 7, 2000. That procedure provided a complete review of trial errors that have "not been fully litigated or waived." 42 Pa. Conn. Stat. Ann. §9543(a)(3) (West 2012).

Like the plaintiff prisoner in *Harbury*, Vega has not identified the predicate claim and the "need for relief otherwise unattainable." 536 U.S. at 418. He has not alleged any injury resulting from the failure to supply him with his trial transcript. Nor has he alleged that he has been unable to perfect or proceed with an appeal or other claim because the defendants have failed to provide him with a copy of the bills of information. Accordingly, because he has not stated a claim for denial of access to the courts, he has not alleged the first element of an actionable § 1983 cause of action – the deprivation of a constitutional right.[6]

### Conclusion

After a liberal review of the complaint, we conclude that Vega has not stated a cause of action for a denial of access to the courts under the Constitution. Because he exhausted all appeals and post-conviction remedies in state court, and cannot collaterally challenge his state-court conviction in federal court, granting leave to amend would be futile. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (stating that a

---

[6] Even if Vega's complaint stated a cognizable constitutional violation, he has not alleged Miller's or Williams' personal involvement in the deprivation. Instead, he seeks to attach liability based solely upon their employment in the Clerk of Quarter Sessions and District Attorney's Office, respectively.

Every § 1983 action, regardless of the constitutional violation at issue, requires the defendant's personal involvement in the alleged wrongdoing. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (liability under section 1983 may not be based on a theory of *respondeat superior*).

Because Vega has not stated a cause of action under § 1983 for denial of access to courts, we need not reach the qualified immunity and Eleventh Amendment arguments made by the defendants.

district court need not grant leave to amend a complaint where doing so would be futile).

Therefore, we shall dismiss his complaint without leave to amend.[7]

---

[7] To the extent Vega alleges any claims under the Pennsylvania Right-to-Know Law, 65 Pa. Cons. Stat. §§ 67.101, *et seq.* (2008), the claims will be dismissed because state courts provide the exclusive forum for litigating claims under that statute. *Proffitt v. Davis*, 707 F. Supp. 182, 188 (E.D. Pa. 1989)); 65 Pa. Cons. Stat. § 67.1302(a) (an appeal from a decision of an "agency," as defined under the Right-to-Know Law, must be brought before the "court of common pleas for the county where the local agency is located"). Therefore, this court lacks subject matter jurisdiction over Vega's right-to-know claims.