# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PETER VEGA | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| VIVIAN T. MILLER, et al | : | NO. 11-7224 |

## MEMORANDUM OPINION

Savage, J.                                                                         March 8, 2013

      Citing Rule 4(a)(4)(A)(vi) of the Federal Rules of Appellate Procedure, plaintiff Peter Vega has filed a motion for extension of time to file a motion under Federal Rule of Civil Procedure 60(b). It is not clear whether he intends to file a Rule 60(b) motion or a notice of appeal if the extension is granted. Because Vega is proceeding *pro se*, we shall consider both possibilities.

      If Vega is seeking an extension of time to file a Rule 60(b) motion, his motion is premature because the time for filing such a motion has not expired. Pursuant to Federal Rule of Civil Procedure 60(c), "[a] motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). We entered the order dismissing Vega's complaint on December 27, 2012. He is still within the reasonable time frame of Rule 60(c).

      Vega has not filed a notice of appeal. Because he is proceeding *pro se*, we shall consider that he is filing this motion in an attempt to extend the time within which to file a notice of appeal pursuant to Rule 4(a)(5).

Federal Rule of Appellate Procedure 4(a)(1) requires that a notice of appeal "be filed with the district clerk within 30 days after the date of entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). The final order was entered on December 27, 2012. Thirty days from that date was January 26, 2013. However, because January 26, 2013 was a Saturday, Vega had until the following Monday, January 28, 2013, to file a notice of appeal.[1] Vega did not do so.

Construed as a motion for an extension of time to file a notice of appeal, Vega's motion is timely under Rule 4(a)(5) because it was filed within thirty days after the expiration of the time prescribed by Rule 4(a). Fed. R. App. P. 4(a)(5). The order dismissing Vega's complaint was entered on December 27, 2012. The last day for filing a notice of appeal was January 28, 2013. He had until February 27, 2013 to move to extend the time to file a notice of appeal. Because Vega filed this motion on January 24, 2013, it is timely under Rule 4(a)(5).

Vega has not established excusable neglect or good cause as required by Fed. R. App. P. 4(a)(5)(A)(ii). "Good cause will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citing *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000). The standard for determining excusable neglect is more stringent and permits untimely appeals only in "extraordinary cases where injustice would otherwise result." *Consol. Freightways Corp. v. Larson*, 827 F.2d 916, 918 (3d Cir. 1987).

---

[1] Fed. R. App. P. 26(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

The advisory committee's note to the 2002 Amendment to Rule 4(a)(5) states that the good cause and excusable neglect standards "are not interchangeable, and one is not inclusive of the other." According to the note:

> The excusable neglect standard applies in situations where there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.[2]

Vega does not offer excusable neglect as a basis for his request for an extension. He relies only on good cause.[3] He claims that due to limited access to the prison's law library, he was unable to file a timely "Rule 60(b) motion under FRAP 4(a)(4)(A)(vi) on or before January 11, 2013."[4] He contends that he could not meet the filing deadline "due to impediments to obtaining access to the institution's law library, which include unscheduled closings and library session cancellations."[5]

Prison conditions, such as lack of library access, may constitute "good cause" in the context of Rule 4(a)(5). *See Jones v. Walsh*, 2008 WL 586270, *1 (S.D.N.Y. Mar. 4, 2008) (prisoner's inability to access law library constitutes good cause for purposes of Rule 4); *see also Khoa Chuong Le v. Dretke*, 2004 WL 1161400, *1 (N.D. Tex. May 21, 2004) ("In support of his motion for extension of time, petitioner alleges that he has limited access to the prison law library and needs more time to research and prepare his notice of appeal. Such an excuse constitutes 'good cause' for an extension of

---

[2] See Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note.

[3] Mot. ¶ 15. Because Vega does not argue excusable neglect, we do not analyze his request under the *Pioneer* standard. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

[4] Mot. ¶¶ 15, 16.

[5] Mot. ¶ 18.

3

time.") (citing *Harris v. Cockrell*, 2003 WL 21500397, at *2 (N.D. Tex. Apr. 9, 2003) (holding that "good cause" is shown where prisoner lacked access to legal materials "due to circumstances beyond his control").

According to Vega, the "institutional procedure requires that a prisoner submit[] a request for law library access two weeks in advance."[6] He asserts that he did not have access to the law library during the week of January 14, 2013. He does not state that he did not have access at any other time. Nor does he offer any explanation why he could not have filed a timely notice of appeal before or after the week the library was inaccessible.[7]

Filing a notice of appeal is a "modest task." *Isert v. Ford Motor Co.*, 461 F.3d 756, 758 (6th Cir. 2006) ("Would-be appellants . . . must complete two modest tasks before their appeals 'may be taken': They must give 'notice' of their appeal, and they must give that notice 'in time.'"). Rule 3(c) of the Federal Rules of Appellate Procedure requires the notice of appeal to "specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . designate the judgment, order, or part thereof being appealed; and name the court to which the appeal is taken." Thus, legal services of the staff, law library clerk, or jail house lawyer are not needed to prepare a

---

[6] Mot. ¶ 15.

[7] We recognize that Vega is a *pro se* litigant, who is not familiar with all of the procedural rules governing litigation and appeals. Nevertheless, "*pro se* litigants must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). *Pro se* litigants are required to inform themselves of the rules and abide by them. *See In re Am. Metrocom Corp.*, 196 Fed. Appx. 86, 87-88 (3d Cir. 2006) (noting the Third Circuit has never held a court's obligation to liberally interpret *pro se* pleadings justifies ignoring deadlines for filing an appeal); *Phillips v. 7912 Merchants Ins. Group*, 173 F.3d 845 (2d Cir. 1999) (holding district court abused its discretion in granting an extension of time to file an appeal on the ground the *pro se* prisoner was confused, as they are required to inform themselves of the rules and comply with them despite being afforded greater latitude).

4

notice of appeal. *See Avery v. Hendricks*, 2006 WL 2627945,*3 (D.N.J. Sept. 13, 2006) (rejecting claim that legal services were needed to file a notice of appeal).

Vega had access to a law library when he drafted this motion. He learned that the time to file a notice of appeal could be tolled by filing a timely Rule 60(b) motion. He cites the relevant federal rules. He correctly asserts that, as required by Rule 4(a)(1), he had thirty days to file a notice of appeal with the district court. Mot. ¶ 12. There is no reason why he could not have filed a notice of appeal after his session in the library and prior to filing this motion.

Vega's assertion that he was not afforded access to the law library during one week does not provide us with a basis of finding good cause for purposes of Rule 4(a)(5). Therefore, we shall deny his motion insofar as it may be a request for an extension of time to file a notice of appeal.